DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROMEO WALTER, KENAN THOMAS, )<br>AKEEM DIJHANI JULIEN, and NIJOHNTEA )<br>WALKER )<br>)<br>Defendants. )<br>) | Case No. 3:20-cr-0039 |

**ORDER**

**BEFORE THE COURT** is Defendant Kenan Thomas' ("Thomas") *Motion to Dismiss with Prejudice*, "due to violations of . . . speedy trial rights under the Constitution and 18 U.S.C. § 3161," filed on November 13, 2020. (ECF No. 32.) Defendants Akeem Julien ("Julien") and Nijohntea Walker ("Walker") joined in the motion. (ECF Nos. 33 and 43.) The United States ("the Government") filed an opposition to the motion on November 23, 2020. (ECF No. 39.) For the reasons stated below, the Court will deny the motion.

## I. FACTUAL AND PROCEDURAL HISTORY

The Court finds the following facts only for purposes of a disposition of the motion to dismiss. On April 8, 2020, officers from the Virgin Islands Police Department ("VIPD") were in the Hospital Grounds area of St. Thomas, U.S. Virgin Islands, investigating a shooting and murder of the previous night. The VIPD officers witnessed several men flee upon seeing the police. The officers pursued, but lost sight of the individuals.[1]

Later that afternoon, the officers saw the same men—who again fled, some to a second-story patio of a residence. Thomas, who was carrying two large black bags, separated from the group and ran behind a small house, from whence he emerged without the bags in tow. VIPD officers took Thomas into custody and conducted a search of the house. There, the

---

[1] This case involves four Defendants who were originally charged in four separate cases: *United States of America v. Kenan Thomas*, 3:20-cr-15; *USA v. Akeem Julien*, 3:20-cr-21; *USA v. Nijohntea Walker*, 3:20-cr-24; and *USA v. Romeo Walter*, 3:20-cr-39. The case history is drawn from the dockets of all four cases.

officers found two black bags matching the description police had given. Officers took Thomas to the police station where they placed him in custody pending further investigation.

Agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") examined the firearms and ammunition recovered in the search. Inside the black bags were two Glock handguns and an American Tactical AR-type pistol with serial numbers, a Serbian Zastava AK-type pistol with an obliterated serial number, multiple magazines with ammunition, and two cell phones. (Case No. 3:20-cr-24, ECF No. 1-1.) Officers located video surveillance from a nearby home which showed Thomas, Julien, Walker, and Romeo Walter ("Walter") climbing over a railing onto a patio while in possession of the black bags and carrying and concealing the weapons.

The Government filed a five-count information against Thomas on May 8, 2020, charging various firearms violations. (Case No. 3:20-cr-15, ECF No. 16.) During his arraignment on May 22, 2020, the magistrate judge scheduled his trial for July 20, 2020. On May 22, 2020, the Government filed a six-count information charging Julien with various firearms violations. (Case No. 3:20-cr-21, ECF No. 17.) Julien was arraigned on the information on June 3, 2020, during which the magistrate judge entered an order scheduling the trial for July 20, 2020. The Government filed a three-count information against Walker on June 19, 2020, charging him with various firearms violations. (Case No. 3:20-cr-21, ECF No. 20.) Walker was arraigned on July 8, 2020. The magistrate judge set Walker's trial for August 24, 2020. The Government filed a complaint against Walter on August 26, 2020, charging him with five counts of various firearms violations. (Case No. 3:20-cr-39, ECF No. 1.) Finding that extending the period in which Defendants' cases must be tried would be in the best interest of justice due to the COVID-19 pandemic, the Court rescheduled the jury trial for each Defendant a number of times, pursuant to 18 U.S.C. § 3161.

On October 6, 2020, the Government filed superseding informations, charging Thomas, Julien, and Walker with the same counts as the previous informations. The Government then indicated, during a telephonic status conference on October 13, 2020, that it intended to consolidate the individual cases against Thomas, Julien, Walker, and Walter. The Court directed the Government to file such motion no later than October 16, 2020, if it

was going to do so. The Government moved for a joint trial on October 16, 2020. Thomas filed an opposition to the motion on October 23, 2020.

On October 22, 2020, a federal grand jury returned an indictment in the joint case, charging Thomas with eight federal and local firearms violations; Julien with seven federal and local firearms violations; Walker with seven federal and local firearms violations; and Walter with eight federal and local firearms violations. (Case No. 3:20-cr-39, ECF No. 12.) On October 26, 2020, the Government filed a motion to dismiss the bills of information charging Thomas, Julien, and Walker, "[b]ecause the legally operative charging document against the [three defendants] is the indictment filed in case number 3:20-[cr]-39 . . . ." (Case Nos. 3:20-cr-15, ECF No. 46; 3:20-cr-21, ECF No. 42; 3:20-cr-24, ECF No. 42.). The Court granted the Government's motion and closed the individual cases against Thomas, Julien, and Walker, thereby joining the cases.

On November 6, 2020, the magistrate judge appointed counsel for Defendants and scheduled the arraignments for Thomas, Julien, Walker, and Walter for November 12, 2020. (Case No. 3:20-cr-39, ECF No. 26.) On November 10, 2020, the Government filed the first of several motions to continue arraignment for Thomas, Walker, and Walter, due to, *inter alia*, restrictions on travel caused by a COVID-19 quarantine and chicken pox.[2] (*Id.*, ECF Nos. 26, 34, 40, 47, 66, 74.) Thereafter, on November 13, 2020, Thomas filed the instant *Motion to Dismiss with Prejudice* (*Id.*, ECF No. 32.) On even date, Julien joined in Thomas' motion. (*Id.*, ECF No. 33.) The Government filed an opposition to the motion on November 23, 2020. (*Id.*, ECF No. 39.) Walker joined in Thomas' motion on November 24, 2020. (*Id.*, ECF No. 43.) Thomas argues that the multiple charging documents in this case were designed to gain "tactical advantage" and violated "the spirit of the Speedy Trial Act." (*Id.*, ECF No. 32 at 4, 5.) Thomas requests that the Court dismiss the case with prejudice. *Id.* at 1.

## II.  LEGAL STANDARD

The Speedy Trial Act requires that a criminal defendant go to trial "within seventy days of the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever

---

[2] Julien was arraigned on November 12, 2020. (ECF No. 30.)

date last occurs." 18 U.S.C. § 3161(c)(1). If trial does not occur within the 70-day limit, the Speedy Trial Act requires that the charges in the charging instrument be dismissed. 18 U.S.C. § 3162(a)(2). Dismissal may be with or without prejudice. *Id*. When determining the appropriate remedy for a Speedy Trial violation, the district court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of justice." *Id.*

Under the Speedy Trial Act, however, certain "periods of delay shall be excluded in computing the time within which an information or indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Relevant here, the Speedy Trial Act excludes:

> (A) Any period of delay resulting from a continuance granted by any judge on his own motion . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The defendant bears the burden of proving a violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2).

### III. DISCUSSION

On March 17, 2020, the Chief Judge of the District Court of the Virgin Islands entered a general order responding to the COVID-19 pandemic. The Chief Judge found it necessary to "take reasonable and prudent actions" "in order to further public health and safety, and the health and safety of Court personnel, counsel, litigants, other case participants, jurors, persons with other business at the courthouse, and the general public." *Order Concerning Operations of the District Court of the Virgin Islands During the COVID-19 Outbreak*, at 1-2 *(Mar. 17, 2020)*, https://www.vid.uscourts.gov/sites/vid/files/general-ordes/CoronaVirus OperationsOrder.pdf (Case No. 1:20-mc-01, ECF No. 2.). Among other precautionary measures, the Chief Judge continued all criminal trials scheduled from March 18, 2020,

through April 16, 2020, and suspended grand jury proceedings. The order stated in relevant part,

> 3. *With regard to criminal matters*, the time period of March 18, 2020 through April 16, 2020 shall be "excluded time" under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds that the ends of justice served by taking such action materially outweigh the best interests of the public and any defendant in a speedy trial. . . . Such exclusion of time is also necessary in cases that are set for trial outside of the March 18, 2020 through April 16, 2020 time period, as well as cases that are not yet set for trial, in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients; the difficulties that the parties are likely to face in undertaking all of the tasks necessary to fully prepare for trial; and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein. The Court may by further Order extend the period of exclusion as circumstances warrant, and the assigned judicial officer may by Order also do so as to any specific proceeding.

*Id.* (emphasis added). The Chief Judge has repeatedly found that the ends of justice are served by extending the time during which a trial must commence, thus far excluding March 18, 2020, through August 31, 2021, from the Speedy Trial count in all criminal matters.[3] On September 30, 2020, the Chief Judge issued an order initiating a "soft re-opening" effective October 1, 2021, permitting grand jury proceedings to resume if quorums could be established.

The offenses charged in this case allegedly took place on or about April 8, 2020, while the Court was operating under the Chief Judge's first order, issued on March 17, 2020.

---

[3] The Chief Judge issued additional orders, extending the period of time excluded under the Speedy Trial Act:

| | | |
|---|---|---|
| *Fourth Order* | April 17, 2020, through May 12, 2020. | (Case No. 1:20-mc-01, ECF No. 5.) |
| *Sixth Order* | May 13, 2020, through June 15, 2020. | (*Id.*, ECF No. 7.) |
| *Seventh Order* | June 16, 2020, through July 15, 2020. | (*Id.*, ECF No. 9.) |
| *Ninth Order* | July 16, 2020, through August 31, 2020. | (*Id.*, ECF No. 11.) |
| *Tenth Order* | September 1, 2020 through September 30, 2020. | (*Id.*, ECF No. 12.) |
| *Eleventh Order* | October 1, 2020 through October 31, 2020. | (*Id.*, ECF No. 13.) |
| *Thirteenth Order* | November 1, 2020, through November 30, 2020. | (*Id.*, ECF No. 15.) |
| *Fourteenth Order* | December 1, 2020, through January 15, 2021. | (*Id.*, ECF No. 16.) |
| *Seventeenth Order* | January 16, 2021, through February 16, 2021. | (*Id.*, ECF No. 19.) |
| *Eighteenth Order* | February 17, 2021, through March 31, 2021. | (*Id.*, ECF No. 20.) |
| *Nineteenth Order* | April 1, 2021, through April 30, 2021. | (*Id.*, ECF No. 21.) |
| *Twenty-First Order* | May 1, 2021, through May 31, 2021. | (*Id.*, ECF No. 23.) |
| *Twenty-Second Order* | June 1, 2021, through June 30, 2021. | (*Id.*, ECF No. 24.) |
| *Twenty-Third Order* | July 1, 2021, drough July 31, 2021. | (*Id.*, ECF No. 25.) |
| *Twenty-Fifth Order* | August 1, 2021, through August 31, 2021. | (*Id.*, ECF No. 27.) |

*United States v. Walter et al.*
Case No. 3:19-cr-0039
Order
Page 6 of 6

Consequently, all Defendants were arrested and charged after issuance of the first order extending the time during which a trial must commence. Significantly, grand juries were not able to convene for several months. Pursuant to the soft re-opening of the *Eleventh Order Concerning Operations*, grand juries were permitted to resume in October 2020; the Defendants were indicted by grand jury in the joint case on October 22, 2020. (Case No. 1:20-mc-01, ECF No. 13 at 5.) As such, this Court finds that zero "non-excludable days" have accrued on the clock for Thomas, Julien, Walker, and Walter.[4] Accordingly, there is no violation of the Speedy Trial Act in this case.[5] The Court, therefore, will deny the motion to dismiss for speedy trial violations.

      The premises considered, it is hereby

      **ORDERED** that Thomas' motion to dismiss, (ECF No. 32), is **DENIED**.


**Dated:** August 4, 2021                        /s/ *Robert A Molloy*
                                                               **ROBERT A. MOLLOY**
                                                                **Chief Judge**

---

[4] Thomas was first charged by information on May 8, 2020; by superseding information on October 6, 2020; and charged under indictment with co-defendants on October 22, 2020. Julien was first charged by information on May 22, 2020; by superseding information on October 6, 2020; and charged under indictment with co-defendants on October 22, 2020. Walker was first charged by information on June 19, 2020; by superseding information on October 6, 2020; and charged under indictment with co-defendants on October 22, 2020. Walter was arrested on a criminal complaint on September 3, 2020; and indicted with co-defendants on October 22, 2020. All Defendants are detained pending trial, which is currently scheduled for August 9, 2021.

[5] The Court will not address Thomas' perfunctory claim of a speedy trial violation under the Constitution, as Thomas provides insufficient legal authority for the claim. Although the motion mentions *Barker v. Wingo*, 407 U.S. 514 (1972), twice, Thomas does not provide analysis or develop facts in support of the four prongs: "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker*, at 530. As such, Thomas fails to develop any argument under the Constitution. *See Glass v. Saul*, No. 19-cv-1804-RCL, 2021 U.S. Dist. LEXIS 71833, at *6 n.4 (D.D.C. Apr. 14, 2021) ("This Court will not address plaintiff's undeveloped constitutional claim."); *Stags Leap Ranch Dev., LLC v. Sevenson Envtl. Servs.*, 2018 U.S. Dist. LEXIS 161431, at *5 (D.N.J. Sept. 21, 2018) (declining to address or develop the party's "unsupported argument"); *Hittle v. City of Stockton*, No. 2:12-cv-00766-TLN-KJN, 2018 U.S. Dist. LEXIS 43664, at *49 n.9 (E.D. Cal. Mar. 16, 2018) ("[T]he Court is not required to address perfunctory and undeveloped arguments.") (internal quotations omitted); *Robinson v. Farley*, 264 F. Supp. 3d 154, 162 (D.D.C. 2017) ("This Court need not, and will not, address undeveloped arguments for dismissal on this or any other ground."); *United States v. McCluskey*, 954 F.Supp. 2d 1224, 1270 (D.N.M. 2013) (declining to "develop Defendant's conclusory arguments or address arguments unsupported by authority").